UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BROOKE HOWELL,

        Petitioner,

v.

        CASE NO. 04-CV-71975-DT
        HONORABLE GEORGE CARAM STEEH

JOHN RUBITSCHUN,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

William Brooke Howell ("Petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his aggravated stalking conviction, which was imposed following a jury trial in the Washtenaw County Circuit Court in 2000. Petitioner was sentenced to 21 to 60 months imprisonment. At the time he filed this action, Petitioner was on parole.[1] Respondent John Rubitschun is the chairperson of the Michigan Parole Board. In his pleadings, Petitioner raises five grounds for relief relating to the trial court's decision to allow defense counsel to withdraw and refusal to provide appointed counsel, which resulted in Petitioner representing himself at trial. For the reasons stated below, the petition for writ of habeas corpus is denied.

---

[1] Petitioner has since completed his sentence and been discharged from custody.

**I.   Facts**

Petitioner's conviction arises from his actions in harassing a former girlfriend named Janice Martin. The evidence presented at trial indicated that Petitioner made unwanted telephone calls to the victim, gathered information about the victim and her friends, and sent nude photographs of the victim to her male acquaintances during a two-year period following the termination of their relationship.

The issues raised in the instant petition concern Petitioner's right to counsel. Petitioner sets forth the relevant pre-trial facts as follows:

> Originally retained counsel Edward Wishnow represented Mr. Howell during the pretrial proceedings. Attorney Wishnow filed numerous motions on Mr. Howell's behalf .... The trial court allowed retained counsel to withdraw over Mr. Howell's objection.
>
> After retained counsel was allowed to withdraw, Mr. Howell asked the court to appoint an attorney to represent him. On his petition for the appointment of counsel, signed June 15, 1999, Mr. Howell listed his assets and debts.
>
> On July 1, 1999, the trial court appointed G. Stewart Isley to represent Mr. Howell. The order of appointment also contained the following language: "The Defendant acknowledges that he may be required to reimburse the Court for all or part of the costs of defense."
>
> Attorney Isley filed motions on Mr. Howell's behalf....
>
> On September 23, 1999, the trial court heard argument on some of the pretrial motions [filed by the defense]. The trial court denied [those motions].
>
> At a pretrial hearing held on December 9, 1999, Mr. Isley sought to withdraw as counsel. The trial court allowed him to do so.
>
> After allowing Mr. Isley to withdraw, the trial court *sua sponte* decided to review its earlier determination that Mr. Howell was entitled to appointed counsel, but deferred the decision until the following day. Mr. Isley asked the trial court if he should appear for the indigency determination review hearing. The trial court told Mr. Isley that he did not have to appear.

> On the following day, at this review hearing, at which Mr. Howell was not represented by counsel,, the trial court reversed its earlier determination of indigency and refused to appoint new counsel for Mr. Howell. The trial court stated that it originally appointed counsel for expediency reasons, to get the case back on track quickly, and that it would then "require the Defendant to pay back the services of his attorney." The trial court held that upon a closer inspection of Mr. Howell's petition, he was not eligible for appointed counsel because he had "$10,000 worth of equity in a car" and was "clearly employable, whether it's flipping burgers at McDonald's or some other place."
>
> Mr. Howell represented himself from that point forward, continuously protesting his lack of counsel and any implications that he could afford counsel.

*See* Petitioner's Brief on Appeal, Exh. C to Pet. (references to record omitted).

At the close of trial, the jury found Petitioner guilty of aggravated stalking. Because Petitioner was remanded into custody, the trial court appointed counsel for sentencing. The trial court subsequently sentenced Petitioner to 21 to 60 months imprisonment.

**II.    Procedural History**

Following sentencing, Petitioner, through appointed counsel, filed a motion for new trial in the trial court, raising several claims concerning the denial of appointed counsel at trial and other matters. On March 8, 2001, the trial court conducted a hearing and denied the motion for new trial.

Petitioner, through counsel, also filed an appeal as of right with the Michigan Court of Appeals, raising claims concerning the trial court's denial of appointed counsel at trial, the trial court's refusal to grant an *in camera* review of the victim's therapy records, the introduction of other acts evidence, the constitutionality of the aggravated stalking statute, and cumulative error.[2] The Michigan Court of Appeals affirmed Petitioner's conviction in a *per curiam*

---

[2] While this appeal was pending, Petitioner filed a motion for peremptory reversal with the Michigan Court of Appeals, which was denied. His subsequent application for leave to appeal in the Michigan Supreme Court was also denied.

3

decision. *People v. Howell*, No. 228048, 2003 WL 124300 (Mich. Ct. App. Jan. 14, 2003) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the counsel and self-representation issues raised in the Court of Appeals, which was denied. *People v. Howell*, 468 Mich. 878, 659 N.W.2d 235 (2003).

Petitioner thereafter filed his current habeas petition, raising the following claims as grounds for relief:

> I. Conviction obtained and sentence of imprisonment imposed unconstitutionally where Petitioner was not represented by counsel at his trial and had not waived his right to counsel.
>
> II. Conviction was obtained unconstitutionally where Petitioner was forced to represent himself at trial, and where Petitioner made no request for self-representation, was not advised of the dangers and disadvantages of self-representation nor made any waiver of his right to counsel.
>
> III. Conviction obtained unconstitutionally when the trial court failed to advise Petitioner of the charge, the maximum possible sentence or any minimum sentence as required by MCR 6.005(D).
>
> IV. Conviction obtained unconstitutionally when the trial court failed to: 1) advise Petitioner of his right to counsel, 2) inquire if Petitioner desired counsel, or 3) confirm that Petitioner wished to proceed without representation as required by MCR 6.005(E).
>
> V. Conviction obtained unconstitutionally when the trial court: 1) failed to conduct any inquiry into the reason appointed counsel wished to withdraw, 2) failed to appoint replacement counsel after allowing appointed counsel to withdraw, and 3) failed to consider the factors required in MCR 6.5008(B) in determining eligibility for appointed counsel.

Respondent has filed an answer to the petition asserting that it should be denied for lack of merit. Petitioner has submitted a reply to that answer, again asserting that he is entitled to habeas relief.

**III.    Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal

court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV. Analysis**

    A. Right to Counsel Issues (Habeas Claims I and II)

In his first and second habeas claims, Petitioner asserts that he is entitled to habeas relief because the trial court denied him the right to counsel by erroneously determining that he was

not indigent and refusing to appoint defense counsel, thereby forcing him to represent himself without a proper waiver of the right to counsel and/or an assertion of the right of self-representation.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the assistance of counsel, *see Powell v. Alabama*, 287 U.S. 45, 53 (1932); *see also Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972); and gives an indigent criminal defendant the right to the assistance of court-appointed counsel. *See Gideon v. Wainwright,* 372 U.S. 335, 343 (1963). The Sixth Amendment also grants a criminal defendant the right to self-representation, if he voluntarily and intelligently elects to do so. *Martinez v. Court of Appeal of California*, 528 U.S. 152, 153 (2000); *Faretta v. California*, 422 U.S. 806, 819 (1975). A waiver of the right to counsel must be voluntary, knowing and intelligent. *Iowa v. Tovar*, 541 U.S. 77, 88 (2004); *Faretta*, 422 U.S. at 835; *United States v. Martin*, 25 F.3d 293, 295-96 (6th Cir. 1994). "The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *see also Tovar*, 541 U.S. at 92. The right to counsel and the right to defend oneself are viewed as correlative rights in that waiver of one necessarily constitutes an assertion of the other. *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970).

In this case, the Michigan Court of Appeals determined that the trial court did not abuse its discretion in determining that Petitioner could afford to hire his own attorney and was not entitled to appointed counsel. The Court of Appeals further concluded that Petitioner was not denied his right to counsel where he failed to retain counsel at his own expense and instead

represented himself at trial. *See Howell*, 2003 WL 124300 at *1-2.

Having considered the matter, the Court concludes that the Michigan Court of Appeals' decision is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts in light of the record. The right to appointed counsel only arises when a criminal defendant establishes his inability to pay for a lawyer to represent him. *See Gideon*, 372 U.S. at 344 (right to appointed counsel applies only to those who are "too poor to hire a lawyer"); *United States v. Bauer*, 956 F.2d 693, 695 n.2 (7th Cir. 1992). In this case, after reviewing Petitioner's financial information and conducting a hearing, the state trial court determined that Petitioner had sufficient means to retain an attorney and refused to appoint counsel. As noted by the Michigan Court of Appeals, this decision was reasonable given the evidence that Petitioner owned one-half of a $14, 250 boat, had $10,000 in equity in his BMW, owned a Nissan Pathfinder, had few living expenses as he lived in a house owned by his wife, and was employable. The state court's factual findings regarding this issue are presumed correct. *See* 28 U.S.C. § 2254(e); *Jones v. Spitzer*, No. 01 Civ. 9754, 2003 WL 1563780 (S.D.N.Y. March 26, 2003). Petitioner has not rebutted this presumption with clear and convincing evidence. Further, on collateral review, Petitioner bears the burden of establishing that he was indigent at the time of his trial. *See Kitchens v. Smith*, 401 U.S. 847, 848 (1971). He has not done so. Petitioner has thus failed to demonstrate that he is entitled to habeas relief on any claim that the state court erred in determining that he was not indigent and could afford to hire his own attorney.

Petitioner nonetheless asserts that he is entitled to habeas relief because the trial court failed to obtain a proper waiver of his right to counsel and affirmation of his right to self-

representation. As noted, the United States Supreme Court has made clear that a waiver of the right to counsel and a decision to represent oneself in criminal proceedings must be knowing, intelligent, and voluntary. *See Tovar*, 541 U.S. at 88; *Faretta*, 422 U.S. at 835. Additionally, a criminal defendant who seeks to proceed *pro se* must generally be aware of the risks of self-representation so that "he knows what he is doing and his choice is made with eyes open." *See Faretta*, 422 U.S. at 835. The United States Supreme Court, however, has not specifically addressed whether a criminal defendant may forfeit or "waive by conduct" the right to counsel, the issue presented in this case. The Supreme Court has also not decided a case with facts that are materially indistinguishable from those presented. *See Wilkerson v. Klem*, 412 F.3d 449, 454 (3rd Cir. 2005); *Fischetti v. Johnson*, 384 F.3d 140, 150 (3rd Cir. 2004); *see also Franco v. Costello*, No. 01 Civ. 6991, 2004 WL 384883, *5 (S.D.N.Y. Feb. 27, 2004) ("there is no Supreme Court holding that a defendant may not generally forfeit (as opposed to waive) a constitutional right"). Accordingly, the Michigan Court of Appeals' decision cannot be said to be contrary to federal law as determined by Supreme Court precedent.

The issue then is whether the Michigan Court of Appeals' decision constitutes an unreasonable application of United States Supreme Court precedent or the facts. The Supreme Court has held that a criminal defendant can forfeit fundamental trial rights such as the right to be present at trial. *See Illinois v. Allen*, 397 U.S. 337, 343 (1970) (defendant can lose right to be present at trial by being disruptive despite trial court's warnings regarding such conduct); *Taylor v. United States*, 414 U.S. 17, 20 (1973) (affirming trial judge's decision to proceed with trial when the defendant failed to return to the courtroom following a trial recess).

Federal circuit courts have interpreted the *Allen* and *Taylor* decisions to be consistent

with the concept of forfeiture or "waiver by conduct" of the right to counsel. *See Wilkerson*, 412 F.3d at 455-56 (state court decision that defendant forfeited right to counsel by failing to retain counsel by trial date, despite ample time to do so, was not an unreasonable application of Supreme Court precedent); *Gilchrist v. O'Keefe*, 260 F.3d 87, 97 (2nd Cir. 2001) ("At a minimum, these cases....stand for the proposition that, even absent a warning, a defendant may be found to have forfeited certain trial-related constitutional rights based upon certain types of misconduct"); *United States v. Bauer*, 956 F.2d 693, 695 (7th Cir. 1992) ("the combination of ability to pay for counsel plus refusal to do so *does* waive the right to counsel at trial. It is waiver by conduct."); *United States v. Kelm*, 827 F.2d 1319, 1322 (9th Cir. 1987) (defendant's continued refusal to retain counsel or to accept appointed counsel, in an attempt to delay trial, constituted a waiver of right to counsel); *United States v. Mitchell*, 777 F.2d 248, 257-58 (5th Cir. 1985) (defendant who knowingly retains attorney with scheduling conflict and fails to secure other counsel within reasonable time waives right to counsel); *United States v. Weninger*, 624 F.2d 163, 167 (10th Cir. 1980) (defendant's "stubborn failure to hire an attorney constituted a knowing and intelligent waiver of the right to assistance of counsel"); *see also Sullivan v. Pitcher*, 82 Fed. Appx. 162, 165-66 (6th Cir. 2003) (recognizing that other courts "have not hesitated" to find waiver through conduct).

Given such case law, this Court cannot conclude that the Michigan Court of Appeals' decision constitutes an unreasonable application of United States Supreme Court precedent, or of the facts in light of the record. Clearly, Petitioner did not voluntarily "waive" his right to counsel as he continued to object to the trial court's determination that he was not indigent and to request the appointment of counsel. Nonetheless, the Michigan Court of Appeals reasonably

10

determined that Petitioner forfeited or "waived by conduct" his right to counsel. The record indicates that the trial court found that Petitioner could afford to hire his own attorney and gave him three months to obtain counsel before trial. Petitioner was on bond and not in custody during this pre-trial period. Petitioner, however, kept insisting that he was unable to afford his own attorney and refused to retain counsel despite ample opportunity and sufficient means to do so. He further failed to present evidence to support his professed inability to liquidate his assets and hire counsel so as to contravene the trial court's findings. He then proceeded to represent himself at trial. These actions by Petitioner could reasonably be deemed a forfeiture or "waiver by conduct" of the right to counsel – and a concomitant assertion of the right of self-representation.

     While the trial court may not have fully advised Petitioner of the dangers of self-representation on the record, Petitioner was surely aware of the risks of proceeding *pro se* as he continued to request the appointment of counsel at public expense. Further, the record supports a finding that Petitioner knew what he was doing when he refused to retain counsel and represented himself. He was a mature adult, well-educated, and professionally-employed during his career, he was advised of the charge and possible sentence at arraignment, he was represented by retained or appointed counsel for much of the pre-trial proceedings, and he exhibited some understanding of the law and the proceedings. The lack of formal warnings does not mean that Petitioner did not embark upon self-representation with his eyes open. *See Swiger v. Brown*, 86 Fed. Appx. 877, 881-82 (6th Cir. 2004) (finding valid waiver of counsel, despite the lack of formal warnings about risks of self-representation, where trial court refused to appoint private legal counsel and indigent petitioner proceeded *pro se* rather than continue

with counsel from public defender's office).  As noted by the Michigan Court of Appeals, it would be illogical to require a formal waiver or formal warnings in the context of this case where Petitioner clearly wanted counsel, but simply refused to retain counsel as his own expense.[3]  Accordingly, the Court concludes that Petitioner has not established that he was unconstitutionally denied the right to counsel – nor has he shown that he failed to sufficiently waive his right to counsel and elect to represent himself.  Habeas relief is therefore not warranted on these claims.

   B.  State Law Issues (Habeas Claims III, IV, and V)

In his remaining habeas claims, Petitioner alleges that he is entitled to federal habeas relief because the trial court failed to comply with state law and Michigan Court Rules 6.005(D), 6.005(E), and 6.005(B) during his criminal proceedings.  However, a state court's alleged failure to properly apply its own procedural rules, even if established, is not cognizable on federal habeas review.  This Court's power to grant a writ of habeas corpus only extends to errors in the application of federal law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1975).  Habeas relief is unavailable for mere errors of state law and a federal court will not review a state court's decision on a matter of state law.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Long v. Smith*, 663 F.2d 18 (6th Cir. 1981).  Because Petitioner seeks federal habeas relief based upon alleged violations of state procedural law, habeas relief is not warranted on these claims.[4]

---

[3]This is not to say that such warnings are not advisable or that such warnings may not be constitutionally required in other contexts.

[4]The Court has already addressed Plaintiff's claims to the extent that he asserts violations of his related federal rights.

**V.     Conclusion**

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

                s/George Caram Steeh  
                GEORGE CARAM STEEH  
                UNITED STATES DISTRICT JUDGE

Dated: September 20, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 20, 2005, by electronic and/or ordinary mail.

                s/Josephine Chaffee  
                Secretary/Deputy Clerk