UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BROOKE HOWELL,

                Petitioner,

                                   CASE NO. 04-CV-71975-DT

v.                               HONORABLE GEORGE CARAM STEEH

JOHN RUBITSCHUN,

                Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

       Before the Court is Petitioner's Motion for Relief from Judgment, brought pursuant to

Federal Rule of Civil Procedure 60(b), concerning this Court's denial of his habeas corpus

petition.  Petitioner asserts that Respondent misled the Court and that the Court erred in denying

relief on his deprivation of counsel claim.

       Although Petitioner brings his motion pursuant to Rule 60(b), his motion actually seeks

reconsideration of the Court's ruling dismissing his petition.  A motion for reconsideration which

presents issues already ruled upon by the court, either expressly or by reasonable implication,

will not be granted.  *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski*

*v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).  Petitioner has not met his

burden of showing a palpable defect by which the Court has been misled or his burden of

showing that a different disposition must result from a correction thereof, as required by Local

Rule 7.1(g)(3).

       Further, even if the Court considers Petitioner's motion as one brought pursuant to

Federal Rule of Civil Procedure 60(b), he is not entitled to relief.  Under that rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).

Having reviewed the pleadings, this Court concludes that it was not misled by Respondent's arguments and that it did not err in denying the habeas petition.  Petitioner has not shown that the Court erred in applying the habeas statute and federal law to his case.  He has not established that the Michigan Court of Appeals' decision is contrary to Supreme Court precedent or an unreasonable application of federal law or the facts of this case so as to warrant habeas relief.  While Petitioner may disagree with the Court's conclusions, he has not established that relief from judgment is warranted under the standards set forth in Rule 60(b).

Accordingly,

**IT IS ORDERED** that Petitioner's motion is **DENIED**.


s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  October 5, 2005

2

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on October 5, 2005, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Case Manager/Deputy Clerk