UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BROOKE HOWELL,

           Petitioner,

                                          CASE NO. 04-CV-71975-DT
v.                                        HONORABLE GEORGE CARAM STEEH

JOHN RUBITSCHUN,

           Respondent.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## A CERTIFICATE OF APPEALABILITY

Petitioner has filed a notice of appeal concerning the Court's decision denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.2d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

1

U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484-85.

Having reviewed the matter, the Court concludes that Petitioner has made a substantial showing of the denial of a constitutional right as to his right to counsel/waiver of the right to counsel claims as set forth in habeas claims I and II.  While the Court continues to believe that such claims do not warrant habeas relief, it nonetheless finds that such claims merit further review by the United States Court of Appeals for the Sixth Circuit.  The Court further concludes, however, that Petitioner has not made a substantial showing of the denial of a constitutional right as to his remaining state law issues as set forth in habeas claims III, IV, and V.

Accordingly, the Court **GRANTS** a certificate of appealability as to Petitioner's right to counsel/waiver claims, (habeas claims I and II), but **DENIES** a certificate of appealability as to his remaining claims (habeas claims III, IV, and V).

**IT IS SO ORDERED.**

s/George Caram Steeh  
**GEORGE CARAM STEEH**  
**UNITED STATES DISTRICT JUDGE**

**Dated:  October 31, 2005**

**CERTIFICATE OF SERVICE**

**Copies of this Order were served on the attorneys of record on October 31, 2005, by electronic and/or ordinary mail.**

                <u>**s/Josephine Chaffee**</u>
                **Secretary/Deputy Clerk**